IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:12-CR-238 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | GOVERNMENT'S MEMORANDUM |
| | ) | IN OPPOSITION TO DEFENDANT'S |
| ANTHONY HAYNE, | ) | MOTION TO TERMINATE LIFETIME |
| | ) | SUPERVISION PURSUANT TO THE |
| | ) | TERRORISM ENHANCEMENT |
| Defendant. | ) | |

Now comes the United States of America, by and through Justin E. Herdman, United States Attorney, and Duncan T. Brown, Assistant United States Attorney, and respectfully submits this Memorandum in Opposition to Defendant's Motion to Terminate Lifetime Supervision Pursuant to the Terrorism Enhancement.

The Defendant asks the Court to exercise its discretion and reduce his term of lifetime-supervised release to a shorter period; the Government unequivocally opposes this request. While determining the length of time of his supervised release for a person to whom the Terrorism Enhancement applies is within this Court's discretion, there is no factual or statutory support for such an extraordinary request, nor is there any case law even remotely relevant to support the

granting of such a request. Because of the lack of legal support or precedent, and the Defendant's repeated violations of the terms of his current period of supervised release, this request must be DENIED by the Court for the reasons presented below.

I. **THE SENTENCING COURT SHOULD EXERCISE ITS DISCRETION TO CONTINUE A LIFETIME TERM OF SUPERVISED RELEASE**

As argued in its prior brief, and incorporated herein, the Government recognizes that the Court has the discretionary power to grant any term of supervised release, including life, to a defendant to whom the Terrorism Enhancement applies. The Defendant in the instant case is, without doubt or argument, a defendant to whom the Terrorism Enhancement applies.

    A.    **The Sixth Circuit has held that the application of the Terrorism Enhancement for this Defendant was substantively and procedurally appropriate**

On April 30, 2012, Douglas Wright, Brandon Baxter, and Hayne were each named in a complaint charging one count of violating Title 18, United States Code, Section 371, conspiracy, and one count of violating Title 18, United States Code, Section 844(i), attempted use of explosive materials to damage or destroy real property used in interstate commerce. On May 1, 2012, Connor Stevens was named in a complaint charging the same violations. (R.1: Complaints, PageID 123).

On May 3, 2012, the Grand Jury returned a three-count indictment against Wright, Baxter, Stevens, and Hayne. (R.8: Indictment, PageID 154-55). Count 1 charged each with conspiring to use a weapon of mass destruction, in violation of Title 18, United States Code, Section 2332a(a)(2)(B) and (D). Count 2 charged each with attempted use of a weapon of mass destruction, in violation of Title 18, United States Code, Section 2332a(a)(2)(B) and (D). Count 3 charged each with attempted use of an explosive device to damage or destroy real property used in interstate commerce, in violation of Title 18, United States Code, Section 844(i).

On July 25, 2012, Hayne pleaded guilty to Counts 1, 2 and 3 of the indictment. (R.204: Hayne Change of Plea Hearing, PageID 3206).

On November 20, 2012, Hayne filed an amended sentencing memorandum. (R.202: Amended Sentencing Memorandum, PageID 3194). That same day, Hayne also filed a conditional motion to withdraw his July 25, 2012 guilty plea if the Court sentenced him to more than one-half of the 97-month sentence issued to Stevens. (R.203: Conditional Motion to Withdraw Plea, PageID 3202). On November 30, 2012, Hayne was sentenced to 72 months imprisonment and lifetime supervised release. (R.229: Judgment, PageID 3410). At the sentencing hearing, the Court rejected the original binding sentencing agreement (but not the guilty plea) between the government and Hayne. (R.234: Hayne Sentencing Tr., PageID 3434-35). The rejected plea agreement was then filed under seal. (R.224: Rejected Plea Agreement). On December 6, 2012, Hayne filed a timely notice of appeal. (R.233: Hayne Notice of Appeal, PageID 3420).

On March 28, 2014, the Sixth Circuit issued a decision in the Defendants' appeal, United States v. Wright, 747 F.3d 399 (6th Cir. 2014). In its 24-page decision, the Court found that the Sentencing Court properly handed down procedurally and substantively reasonable sentences and it properly applied the Terrorism Enhancement to all of the defendants, including Defendant Hayne. Specifically, the Court held that although he was late to join the plot, the rest of the defendants viewed him as a "senior role model." (R.228: Memorandum Opinion as to Hayne, PageID 3406). In weighing his criminal conduct and history against the 18 U.S.C. § 3553 considerations, the Court also recognized Hayne was present when the C-4 was purchased, and, moreover, he was responsible for memorizing the detonation code, and also acted as a lookout while Wright, Baxter and Stevens placed the bombs. (Id.). However, in considering all relevant

sentencing factors, the Court noted the "significant downward variances" already granted to Wright, Baxter and Stevens; the court also varied downward in sentencing Hayne, explaining that the variance was also appropriate due to Hayne's cooperation with the government. (Id., PageID 3429; R.228: Memorandum Opinion as to Hayne, PageID 3403). The Court also factored that although the "intent on the part of [Hayne] to engage in this terrorist activity was present," the fact that the explosives were inert was also "worthy of the Court's consideration" when determining a variance. (R.234: Hayne Sentencing Tr., PageID 3445). Pointing again to the media attention received by the case, Hayne's limited criminal history and substance abuse problems, the court opined that a sentence of 72 months would be "sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a)(2)." (R.228: Memorandum Opinion as to Hayne, PageID 3409).

All four defendants were also sentenced to lifetime supervised release, because the Court believed such a period of supervision to be an integral part of the sentence as a whole. (Id.). As to deterrence, the court explained that lifetime supervised release "with the attendant publicity will serve to persuade others considering similar conduct to avoid such conduct." (R.205: Memorandum Opinion as to Wright, PageID 3309; R.206: Memorandum Opinion as to Baxter, PageID 3321; R.207: Memorandum Opinion as to Stevens, PageID 3337). In light of the court's entire sentence, this logic is quite reasonable.

In affirming the Court's sentence, the Sixth Circuit found the Court's sentence to be both substantively and procedurally reasonable because it was based on a review of the record that "establishes that Hayne knew his coconspirators were engaged in a larger scheme of terrorist violence…The district court did not clearly err when it determined that Hayne personally

intended to influence or affect the conduct of the government by destroying this major piece of government infrastructure." United States v. Wright, 747 F.3d 399.

Thus, just as the Defendant's past attempts to overturn his lifetime period of supervised release failed on appellate review, those in his most recent filing must now fail as well.

### B. Application of the Definition of Federal Crimes of Terrorism Pursuant to 18 U.S.C. § 2332b(g)(5) to U.S.S.G. §§ 3A1.4 and 5D1.2

The continued application of a lifetime term of supervised release pursuant to the application of U.S.S.G. §§ 3A1.4 and 5D1.2, the Terrorism Enhancement, for crimes defined as Federal Crimes of Terrorism by 18 U.S.C. § 2332b(g)(5) is appropriate because all of the charges to which the Defendant pled guilty are enumerated offenses in 18 U.S.C. § 2332b(g)(5).

#### 1. U.S.S.G. §§ 3A1.4 and 5D1.2- Terrorism Enhancement

Part A of Chapter Three of the U.S.S.G. provides for "Victim-Related" adjustments to the Guidelines offense level. Following Congressional passage of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132 (1996), the current version of U.S.S.G. § 3A1.4 provides:

> (a) If the offense is a felony that involved, or was intended to promote, a federal crime of terrorism, increase by 12 levels; but if the resulting offense is less than level 32, increase to level 32.

The Application Notes to Section 3A1.4 were amended to their current form after enactment of the USA PATRIOT Act in 2001. The current version of U.S.S.G. § 3A1.4 consists of four Application Notes which are viewed as "part of the Guidelines themselves and not mere commentary on them." Stinson v. United States, 508 U.S. 36, 38 (1993).

Viewed in the aggregate, these amendments reflect an understanding by both Congress and the Sentencing Commission that "an act of terrorism represents a particularly grave threat because of the dangerousness of the crime and difficulty of deterring and rehabilitating the criminal, and thus that *terrorists and their supporters should be incapacitated for a longer period of time*." United States v. Meskini, 319 F.3d 88, 92 (2d Cir. 2003) (emphasis added).

### a. Application Note 1

Application Note 1 to § 3A1.4 states that the term "Federal Crime of Terrorism" is defined at 18 U.S.C. § 2332b(g)(5); the term means an offense that "is calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct" and is one of a series of specifically enumerated violations. As discussed below, both 18 U.S.C. § 2332a and 18 U.S.C. § 844(i) are enumerated offenses.

The term of supervised release for a qualifying Federal Crime of Terrorism parallels U.S.S.G. § 3A1.4 in U.S.S.G. § 5D1.2 by requiring a conviction for an offense enumerated in 18 U.S.C. § 2332b(g)(5). Thus, if an offense qualifies under the Terrorism Enhancement under U.S.S.G. § 3A1.4, it is likewise subject to an enhancement to a lifetime term of supervised release pursuant to U.S.S.G. § 5D1.2.

### 2. Each Count of Conviction Implicates a Federal Crime of Terrorism, as Defined in 18 U.S.C. § 2332b(g)(5), and enhanced by the Terrorism Enhancement pursuant to U.S.S.G. §§ 3A1.4 and 5D1.2

Each count of conviction triggers the Terrorism Enhancement for offenses defined as Federal Crimes of Terrorism. *See* 18 U.S.C. § 2332b(g)(5) and U.S.S.G. §§ 3A1.4 and 5D1.2.

### a. Count One: 18 U.S.C. § 2332a(a)(2)(B) and (D)

A lifetime term of supervised release is authorized by the Terrorism Enhancement pursuant to U.S.S.G. §§ 3A1.4 and 5D1.2 for Federal Crimes of Terrorism defined in 18 U.S.C. § 2332b(g)(5). Reviewing the plain and unequivocal language of Title 18, United States Code,

Section 2332b(g)(5), 18 U.S.C. § 2332a(a)(2)(B) and (D) is an enumerated offense within the definition of "federal crimes of terrorism." Therefore, a lifetime term of supervised release is authorized and appropriate for this conviction.

### b. Count Two: 18 U.S.C. § 2332a(a)(2)(B) and (D)

A lifetime term of supervised release is authorized by the Terrorism Enhancement pursuant to U.S.S.G. §§ 3A1.4 and 5D1.2 for Federal Crimes of Terrorism defined in 18 U.S.C. § 2332b(g)(5). Reviewing the plain and unequivocal language of Title 18, United States Code, Section 2332b(g)(5), 18 U.S.C. § 2332a(a)(2)(B) and (D) is an enumerated offense within the definition of "federal crimes of terrorism." Therefore, a lifetime term of supervised release is authorized and appropriate for this conviction.

### c. Count Three: 18 U.S.C. § 844(i)

A lifetime term of supervised release is authorized by the Terrorism Enhancement pursuant to U.S.S.G. §§ 3A1.4 and 5D1.2 for Federal Crimes of Terrorism defined in 18 U.S.C. § 2332b(g)(5). Reviewing the plain and unequivocal language of Title 18, United States Code, Section 2332b(g)(5), 18 U.S.C. § 844(i) is an enumerated offense within the definition of "federal crimes of terrorism." Therefore, a lifetime term of supervised release is authorized and appropriate for this conviction.

### 3. The Defendant's Claim 18 U.S.C. § 3583(j) Does Not Include His Convictions is Erroneous

The Defendant argues that 18 U.S.C. § 3583(j) invokes only offenses of 18 U.S.C. § 2332b. 18 U.S.C. § 3583(j) clearly states "Notwithstanding subsection (b), the authorized term of supervised release for any offense listed in section 2332b**(g)(5)(B)** is any term of years or life." *(Emphasis added.)*. Thus, in following the direction of the statute and returning to 18

U.S.C. § 2332b(g)(5)(B), it is clear that both 18 U.S.C. § 2332a(a)(2)(B) and (D) and 18 U.S.C. § 844(i) are an enumerated offenses within the definition of "federal crimes of terrorism." Thus, a lifetime term of supervised release under U.S.S.G. § 5D1.2 for Federal Crimes of Terrorism is authorized and appropriate.

### III.   THERE IS NO REASON TO GRANT DEFENDANTS REQUEST BECAUSE HE HAS REPEATEDLY VIOLATED THE TERMS OF HIS SUPERVISION

Defendant Hayne is now requesting the Court to exercise its power in a significant manner by not continuing to apply a lifetime period of supervised release to him. However, such relief is not at all appropriate; this Defendant has squandered every opportunity given to him to improve his standing. After enjoying temporary success immediately upon release from prison, he returned to his past behavior of domestic violence, substance abuse, and ignoring court orders – simply, Hayne has repeatedly failed to follow through on the necessary expectations for supervised release. This time is no different, he is now asking for extraordinary consideration for which he has neither earned, nor demonstrated would be in the best interests in the compelling purposes for sentencing, specifically, rehabilitation and protection of society.

At time of sentencing, the Court reviewed the Defendant's criminal history. He was found to be a Criminal History IV, before the application of the Terrorism Enhancement, for two convictions of domestic violence, one Felony 4 Theft conviction, a Felony 5 Breaking and Entering and a conviction for Possession of Drug Paraphernalia. (R.228: Memorandum Opinion as to Hayne, PageID 3399). In part, because of this extensive criminal history, the Court fashioned a sentencing that included both incarceration and a significant period of supervised release in the hopes that "a period of supervised release for life, will likely persuade the defendant to resist any temptation for additional criminal conduct." Id. at 3400.

Unfortunately, those hopes were not realized.  Between his release on July 21, 2017 and the March 21, 2019 report that was the subject of a March 28, 2019, hearing before this Court, the Defendant completed some of the recommended in-house programs, and seemingly was making positive steps to re-entering society.  However, on March 21, 2019 a report was issued that on March 19, 2019 the Defendant had tested positive for cocaine on February 25, 2019 and March 1, 2019.  It was also reported that he failed to attend cognitive behavioral therapy on February 16, 23, and March 1, 2019, and he failed to attend mental health counseling on March 1, 8, or 15, 2019.  For these violations he was sentenced to four months incarceration.

After his release, the Defendant continued his downward progress; after his release from his four month sentence he failed to meet with his Probation officer, submit to testing, or contact law enforcement about an outstanding warrant despite constant orders to do so and promises that he would.  From November 1, 2019 until November 13, 2019 when he was taken into custody, he had at least four to five contacts about his duties and obligations under the terms of his supervised release that he blatantly ignored.  When he finally was in custody, he admitted to drug use that morning.  The culmination of his current violations was a plea of guilt to a Felony Three Domestic Violence charge on February 19, 2020.

Simply, there is nothing in Defendant Hayne's behavior after release in 2017 to believe that the Court's hope that lifetime supervised release would serve as an adequate deterrent to his continued criminal activity.  While the Court properly and thoughtfully tried to fashion a sentence that would encourage the Defendant to lead a lawful life after release from prison, in fact, the imposition of a lifetime of supervised release was a more prescient exercise of judicial forbearance.   Supervised release serves two important functions in the life of a person, it can provide opportunities for change and a safety net for minor set-backs, and Hayne was certainly

afforded these considerations in the past. But in patterns such as the one the Defendant is apparently intent on following, it can also ensure that society is protected from repeated, unrelenting, and unchangeable unlawful conduct. The defendant earned a lifetime of supervision for trying to blow up a bridge that is heavily traveled by regular citizens, upon release he has continued to engage in serious acts of domestic violence terrorizing people close to him, he has also refused to make significant and lasting efforts to stay sober and address issues of his mental health.

His acts against society and others are violent and corrosive to the fabric of society; his request for the benefit of a lessened term of supervised release is selfish, ignorant of his own failings or future potential, and dangerous to those close to him and in society at large. While the Court has the discretion to grant acts of great justice and mercy to those who have earned such grants through acts of growth, change and contrition, this Defendant does not present himself to this Court in such a posture. Rather than see his lifetime period of supervised release as a curse upon him, he should recognize it as an opportunity to evaluate his significant shortcomings and accept the opportunity supervision affords him to change through monitoring, evaluation, and rehabilitation.

## IV.     Conclusion

The Defendant's request is not based on any statutory or case law authority. Moreover, his actions fall far short of the expectations of a person deserving of such an extraordinary request. While a lifetime of supervision may be a burden to Mr. Hayne that he would rather not bear, based on the sentencing court's appropriate and affirmed reasoning, such a lifetime sentence was within the discretion and authority of the sentencing court and there are no changed

circumstances warranting modification.  Therefore, the government respectfully requests his motion be DENIED.

                          Respectfully submitted,

                          JUSTIN E. HERDMAN
                          United States Attorney

By: _____
Duncan T. Brown (NY: 3982931)
Assistant United States Attorney
United States Court House
801 West Superior Avenue, Suite 400
Cleveland, OH 44113
(216) 622-3933
(216) 522-7499 (facsimile)
Duncan.Brown@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of March 2020 a copy of the foregoing document was filed electronically.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.

/s/ Duncan T. Brown
Duncan T. Brown
Assistant U.S. Attorney